FILED
MAY 0 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.     ) | Crim. No. 98-0435 (LFO) |
| ) | Civ. No. 03-1040 (LFO) |
| DENNIS HALL,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |
| _____ ) | |

MEMORANDUM

Currently pending in this case is defendant Dennis Hall's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that his counsel was legally ineffective. Defendant has also filed a motion to amend his § 2255 motion. As described below, the trifecta of D.C. Circuit rulings in this case compels the conclusion that Hall's assistance was not legally ineffective. See United States v. Hall, 214 F.3d 175 (D.C. Cir. 2000); United States v. Hall, 324 F.3d 720, 723 (D.C. Cir. 2003); United States v. Hall, 370 F.3d 1204 (D.C. Cir. 2004). Accordingly, his motion to amend is granted; his § 2255 motion must be denied.

I.     **Background and Procedural History**

On December 3, 1998, police arrested defendant near midnight in the Barry Farms housing project in D.C. and charged him as a felon in possession of a firearm and with possession of marijuana. On May 5, 1999, the jury, after deliberating for about three

hours, convicted him. During the trial (including opening and closing arguments) the prosecutor referred 16 times to defendant as a convicted felon. During the closing argument the prosecutor argued that "the defendant knew of course that he's a convicted felon and as soon as he saw the police he began to run." Trial Tr. (5/5/99) at 25. After the prosecutor's closing, defense counsel objected on the ground that the prosecutor "speculated on what was going on through Mr. Hall's mind, telling the jury that he knew that he was a convicted felon and he was breaking the law." Id. at 27. I overruled this objection. Defense counsel did not otherwise object to the repetitious references to defendant's status as a convicted felon.

In addition, after the prosecutor emphasized the fact that defendant ran from the police, defense counsel stated in her closing argument that one reason a "person [might] want to avoid police contact" in Barry Farms "might be because the police officers come in there and they harass the young black men. They come in there routinely." Id. at 33. In rebuttal the prosecutor told the jury: "[d]on't let her get away with playing the race card." Id. at 44. Defense counsel objected, only to be overruled. At the closing of the prosecutor's rebuttal she renewed her objection, stating that "[t]here was no race card in my closing" and the prosecutor's "race card" statements were "outrageous." Id. at 45. In response I stated that "I'm not going to get into this. The jury will sort this out and I'll consider it after we have a verdict." Id. at 46. The jury returned a guilty verdict. Defense counsel did not renew her objection to the "race card" reference at that time.

The Federal Rules provide that any motion for a new trial must be filed within seven days after the verdict, "or within such further time as the court sets during the 7-day period." Fed. R. Crim. P. 33(a)(2). On May 14, exactly seven business days after the verdict, Hall's trial counsel filed a motion to extend the time for filing a new trial motion. On June 3, I granted the motion <u>nunc pro tunc</u>, and ordered defendant to file his new trial motion by June 10, 1999. A September 27, 1999 Order granted defendant's new trial motion. On the government's appeal, the D.C. Circuit reversed, holding that I did not have the power to grant a motion for an extension of time to file a new trial motion after the seven-day time period expired. <u>See</u> <u>United States v. Hall</u>, 214 F.3d 175 (D.C. Cir. 2000).

Defendant appealed his conviction and also filed a motion for a new trial claiming ineffective assistance of counsel. The appellate court held the appeal in abeyance and ordered the parties to file motions regarding further appellate proceedings within thirty days "of any district court order either denying the Rule 33 motion or indicating an intention to grant the motion." <u>See</u> <u>United States v. Hall</u>, 2002 U.S. Dist. LEXIS 26158, at *2 (D.D.C. 2002).

On remand I found that defendant's ineffective assistance of counsel was "newly discovered evidence" within the meaning of Fed. R. Crim. P. 33 because defendant had no means of knowing about the ineffective assistance until after his trial was over and the seven-day period for filing a new trial motion had run. <u>See id.</u> The court of appeals again

reversed on the theory that the newly discovered evidence rule requires that the newly discovered evidence exist at the time of trial; evidence that came into existence after trial failed to meet this standard. See United States v. Hall, 324 F.3d 720, 723 (D.C. Cir. 2003).

The court of appeals subsequently reinstated defendant's direct appeal of his conviction, see United States v. Hall, 2003 U.S. App. LEXIS 17078 (D.C. Cir. Aug. 19, 2003), and affirmed it. See United States v. Hall, 370 F.3d 1204 (D.C. Cir. 2004). Review en banc and a petition for writ of certiorari were denied. See 2004 U.S. App. LEXIS 18783 (D.C. Cir. Sept. 1, 2005); Hall v. United States, 125 S. Ct. 936 (2004).

On May 6, 2003, while his second appeal was pending, defendant also filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence again alleging ineffective assistance of counsel. A November 28, 2005 Order required defendant to show cause why his § 2255 motion should not be denied in light of the earlier ruling of the court of appeals. He responded, and filed a motion to amend his § 2255 motion. At an April 26, 2006 hearing on the motion, defendant's trial counsel (Sara Kopecki) testified. That is the motion presently pending before this court.

## II. The D.C. Circuit's Ineffective Assistance Opinion

Meanwhile, Hall has appealed his conviction on the ground that he received ineffective assistance. The court rejected this argument and affirmed his conviction. See United States v. Hall, 370 F.3d 1204 (D.C. Cir. 2004). In particular, the appellate court

held that counsel's decision to move for an extension of time for filing a new trial motion on the last day it was due was not ineffective assistance. As the court held, "Hall's attorney complied with the rules; she missed no deadlines; her motion was timely; and Rule 33 clearly authorizes motions for extensions of time to file new trial motions." Id. at 1206. The court recognized that Hall's attorney "waited until the eleventh hour before seeking an extension and thus ran the risk that the district court might not act before the end of the seven-day time limit (or might deny the motion at the last minute)." Id. at 1207. It noted that Hall's counsel called this court's chambers several times to "stress the urgency of the motion." Id. A June 3 nunc pro tunc Order allowed the government to respond. However, the D.C. Circuit held that the seven-day deadline to grant or deny the motion was inflexible. In this light, "it may not have mattered that defense counsel filed the extension motion on the seventh business day after the verdict rather than on, say, the third or the fourth." Id.

The appellate court recognized that, in its original decision on the new trial motion, it "faulted defense counsel for filing an extension motion rather than a new trial motion, stating that at oral argument counsel for Hall 'offered no explanation' for following the former course.'" Id. On the other hand, this court had concluded that the new trial motion was "timely" and held that it would be "manifestly unjust [to] penalize the defendant for the Court's delay in granting the motion." Id. (quoting Nov. 3, 1999 Order). Hence, the appellate court held that the problem was not negligence by the

attorney, and that "Hall was not deprived of the effective assistance of counsel within the meaning of the Sixth Amendment." Id. (citations omitted).

This ruling by the court of appeals necessarily precludes an ineffective assistance claim based on the timeliness of counsel's new trial motion. Hall argues, however, that there should be an evidentiary hearing on the issue because Hall's trial counsel, Sara Kopecki, has offered several reasons for filing the motion on the last day. See Def's Br. at 14. At the hearing on this motion, Hall's incumbent counsel did examine Kopecki regarding her actions during and after trial. However, the court of appeals held that Kopecki's decision to file for an extension of time on the seventh day was not unreasonable in general; it did not base its decision on the *reason* for the last-minute filing. It is not relevant *why* she filed so late; the *fact* that she filed on the last day was held not to be ineffective assistance.

III.   Amendment of § 2255 Motion

Hall also seeks amendment of the § 2255 motion to include a claim for ineffective assistance based on the failure of defense counsel to object to the repeated references to Hall's status as a convicted felon and to the prosecutor's mention of the "race card."

A.   Motion to Amend

According to Fed. R. Civ. P. 15(a), Hall may amend his pleading "only by leave of court or written consent of the adverse party; and leave shall freely be given where justice so requires." See United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002) (Rule 15(a)

applies to amendment of § 2255 motions). Amendment is required for justice here, Hall contends, because he received ineffective assistance. Hall also argues that the motion to amend was timely because it was filed within one year of the denial of his petition for certiorari. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

In response, the government does not question the timeliness of the motion. It also concedes that the district court should not deny a motion to amend absent "some justifiable reason." The government contends, however, that the motion was filed with undue delay, that it has already been addressed on the merits, and that it is futile.[1]

B.   Merits

To succeed on a claim of ineffective assistance, defendant must demonstrate that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" by showing that the representation "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, defendant must show that the ineffective assistance resulted in prejudice "so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Id. at 687. Finally, defendant must show that "there is a reasonable

---

[1] Because defendant's § 2255 motion is denied on the merits, there is no occasion to address the government's arguments on the procedural aspects of the motion to amend.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

On the merits, the government argues that mentioning defendant's status as a felon 16 times was not prejudicial. In support the government notes that the court of appeals held that

> mentioning the defendant's previous conviction to the jury can hardly be considered "gratuitous"; the conviction is an element of the offense, as the district court instructed the jury in this case. . . . The prosecutor's mentioning of Hall's conviction more than a dozen times in her opening and closing arguments only reminded the jury of something it already knew. All but a few of the references either stated the nature of the § 922(g) charge or the fact that Hall's status as a felon was uncontested. . . . While we do not deny the discretion of district courts to rein in overly zealous prosecutors, we hold that the district court did not commit plain error in failing to limit the prosecutor to some number . . . of references to Hall's conviction.

Id. at 1208-09. Consequently, the government maintains, the appellate court already held that the repeated reference was not prejudicial.

The Strickland test must be evaluated in light of the D.C. Circuit's previous ruling in this case. The court's ruling – that failure to object was not plain error – precludes a finding that the assistance of Hall's trial counsel was ineffective. In particular, the court made it clear that it was considering the prejudice prong of the plain error test. The court recognized its holding in a previous case that a defendant may "'be unduly prejudiced by repeated and gratuitous references to the existence of the previous conviction.'" See 324 F.3d at 1208 (quoting United States v. Moore, 104 F.3d 377, 382 (D.C. Cir. 1997)). But the court distinguished Moore, explaining that, under the facts of this case, Hall was not

prejudiced. This holding necessarily means that Hall's trial counsel was not constitutionally deficient. For example, in the unrelated case of United States v. Hall, 326 F.3d 1295 (D.C. Cir. 2003), the D.C. Circuit held that the defendant suffered no prejudice under the plain error rule from counsel's failure to object to certain testimony during the trial. Following this holding, the court of appeals ruled, defendant's ineffective assistance claim must fail as well. See id. at 1301 & n.10.

C.     The "Race Card"

Defendant also argues that he received ineffective assistance because counsel failed to renew an objection to a prosecutor's closing argument reference to the "race card." Defense counsel told the jury that it was normal for young black men to run from the police. The prosecutor's closing argument rejected that suggestion and asked the jury not to "let [defense counsel] get away with playing the race card." See 370 F.3d at 1209. Defense counsel objected – both during the rebuttal when the prosecutor made the race card statement (see Tr. at 44), and after the prosecutor finished his rebuttal (see id. at 45). Defense counsel's objection during the rebuttal was overruled. See id. at 44. When defense counsel raised it after the rebuttal, I stated "I'm not going to get into this. The jury will sort this out and I'll consider it after we have a verdict." Id. at 46. Defense counsel did not raise the issue immediately after the verdict; she did raise it in her motion for an extension of time to file a new trial motion, and the new trial motion itself.

After considerable deliberation, I conclude that my remark about considering the

9

"race card" issue after the verdict may fairly be construed as a suggestion to counsel that, in the event of a guilty verdict, she could file a post-verdict motion which I would consider. It was not a promise to raise the matter sua sponte. Nevertheless, counsel's failure to raise it immediately after the verdict was not ineffective assistance, for two main reasons. First, counsel did raise the issue after the verdict, as explained above. The D.C. Circuit has already held that the manner in which she raised this issue – and the other issues – was not ineffective assistance. See supra Part II. Second, the D.C. Circuit has rejected the notion that the "race card" issue prejudiced defendant. As the court held, the "prosecutor's statements were not an improper reply to the argument of defense counsel. The prosecutor implored the jury not to take race into account; defense counsel wanted the jury to consider Hal's race. Thus, . . . the prosecutor was not injecting race into the case. He was trying to take race out of the case." Id. Accordingly, the D.C. Circuit's rulings foreclose any argument that Hall suffered prejudice.

## IV.  Conclusion

For the foregoing reasons, an accompanying order denies Hall's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel.

*[signature]*

Louis F. Oberdorfer
UNITED STATE DISTRICT JUDGE

Dated: May 8, 2006